UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIE LEE NOBLES,<br><br>            Petitioner,<br><br>    v.<br><br>CAROL PORTER,<br><br>            Respondent. | Case No.  C05-5374RJB<br><br>ORDER REGARDING MOTION TO LIFT STAY, ANSWER TO PETITION  AND REQUEST FOR APPOINTMENT OF COUNSEL |

    The court has reviewed the record, and it is ORDERED.

    (l) Petitioner's motion to lift the stay, alleging all state court proceedings have concluded and his claims for federal habeas corpus relief have been exhausted, is **GRANTED**.  Within forty-five (45) days respondent(s) shall file and serve an answer to the Petition  in accordance with Rule 5 of the Rules Governing § 2254 Cases in United States District Courts.  As part of such answer, respondent(s) should state whether petitioner has exhausted available state remedies, whether an evidentiary hearing is necessary, and whether there is any issue of abuse or delay under Rule 9.  Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.  Respondent(s) shall file the answer with the Clerk of the Court and serve a copy of the answer upon petitioner.  The answer will be treated in accordance with Local Rule CR 7.  Accordingly, upon receipt of the answer the Clerk will note the matter for consideration on the fourth Friday after the answer is filed, petitioner may file and serve a response not later than on the Monday immediately preceding the Friday appointed for consideration of the matter, and respondent my file and serve a reply brief  not later than on

ORDER
Page - 1

the Thursday immediately preceding the Friday designated for consideration of the matter.

(2)  There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754. In deciding whether to counsel, however, the court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

After the Answer is filed the court will carefully review the matter, and if an evidentiary hearing is needed, Mr. Zuckerman should be appointed. However, at this time the motion to appoint Mr. Zuckerman is premature, and it is therefore **DENIED**. Mr. Zuckerman's request to withdraw as Petitioner's attorney of record is **GRANTED**.

(3)  The Clerk shall direct copies of this Order to petitioner, Mr. Zuckerman, and counsel for respondent

DATED this 30th day of April, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2