UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIE LEE NOBLES, | Case No. C05-5374RJB |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| CAROL PORTER, | Noted for **OCTOBER 19, 2007** |
| Respondent. | |

Petitioner is a state prisoner currently incarcerated at the Airway Heights Correction Center near Spokane, Washington. Petitioner is serving a 1180 month prison sentence as a consequence of a June 23, 1998, conviction for six counts of First Degree Murder arising out of Pierce County, Washington. Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 challenging his Washington state conviction and sentence. The matter is before the court on Respondent's motion to dismiss (Doc. 19). After a careful review of the record, the undersigned submits the following report and recommends that the Court grant the motion to dismiss, finding the petition for writ of habeas corpus as untimely.

## DISCUSSION

A one-year period of limitation applies to federal petitions for writ of habeas corpus. The relevant statute states:

>   (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>   (A) the date on which the judgment became final by conclusion of direct

REPORT AND RECOMMENDATION
Page - 1

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims  presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The one year period of limitation is subject to equitable tolling, thus, the period may be equitably tolled by the court "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  Id. at 1288, *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997).  The Ninth Circuit commented, "We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted."  Id. at 1289.  The Supreme Court recently held, "that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected a petition as untimely, it was not properly filed, and he is not entitled to statutory tolling under § 2244(d)(2).  Pace v. DiGuglielmo, 544 U.S. 408, 125 S. St. 1807, 1814 (2005).

Here,  petitioner was convicted after trial by jury on June 23, 1998.  A hearing was held on June 16, 1998, and he was subsequently sentenced by the state trial court on June 23, 1998.  Petitioner appealed his conviction and sentence to the State Court of Appeals, which upheld the jury's conviction and the court's sentence on June 30, 2000.  Petitioner sought review by the Washington State Supreme Court, but his petition for review was denied on December 5, 2000, mandated by the Court of Appeals on December 22, 2000.  The state court decision became final for federal purposes, ninety days after the State Supreme Court's decision, or on March 5, 2001[1].

---

[1] When habeas petitioner seeks  review by the highest state court, but did not file a petition for a writ of certiorari in the United States Supreme Court, the federal one-year limitations period for seeking federal habeas review begins to run not on the date the highest state court entered judgment, but on the date the time for seeking certiorari expires.  Bowen v. Roe, 188 F.3d 1157, 1159

REPORT AND RECOMMENDATION
Page - 2

Following his failures on direct review, Petitioner collaterally attacked his conviction and sentence several times. Filing a petition on the last day before his state one-year time limit ran (one year from the date of the mandate) Petitioner timely filed his first personal restraint petition ("PRP") on December 24, 2001. At that point, 294 of the 365 days of the federal statutory period of limitation had run. Petitioner's first PRP was denied by the Washington State Court of Appeals on July 22, 2003. The Court of Appeals dismissed the PRP. A request to review the PRP was denied by the Commissioner for the Washington State Supreme Court on January 2, 2004, and the PRP process expired on May 4, 2004, when a motion to modify the Commissioner's ruling was denied by the Washington Supreme Court.

Rather than filing a federal habeas corpus petition, on July 4, 2004 (allowing approximately 60 more days to run on the federal time limit) Petitioner elected to file a second PRP with the state courts. Although he argued his second PRP was timely, the Washington Court of Appeals and the Washington Supreme Court found the second PRP to be time-barred under RCW 10.73.090. A certificate of finality states consideration of the second PRP concluded on May 3, 2005. As a result, the filing of the second PRP did not toll the federal statute of limitations, and therefore the federal one-year period of limitation expired on or about July 15, 2004.

However, the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408, 125 S. St. 1807, 1814 (2005) was not issued until April 27, 2005. Thus, petitioner's counsel argues the matter should not be time barred because he was relying on the Ninth Circuit's opinion in Dictado v. Ducharme, 244 F.3d 724 (9th Cir. 2001) which held that a state court post conviction petition tolls the federal statute of limitations even if it is ultimately found to be untimely, as long as the petitioner filed it in reliance on an exception to the state's time bar.

The undersigned is not persuaded by Petitioner's arguments. Petitioner's first PRP was denied, and at that time (May 4, 2004) seventy-one days remained on the federal period of limitation. As noted above, rather than filing a federal petition at that time, Petitioner gambled on a second PRP, arguing to the state court that it was not time barred.

Under any scenario, the Supreme Court's decision in Pace v. DiGuglielmo, clearly supports a finding that Petitioner's federal one-year period of limitation expired. If the court accepts that the first

---

(9th Cir. 1999). The time period for seeking certiorari is ninety days, according to the Supreme Court Rule 13. Id.

REPORT AND RECOMMENDATION
Page - 3

PRP tolled the federal period of limitations between December 24, 2001 and May 4, 2004, but the second PRP did not toll the period because the state court found that it was time barred, the federal period of limitation expired on or about July 15, 2004. Even accepting Petitioner's argument that he relied on the Ninth Circuit decision in Dictado v. Ducharme, the undersigned finds the period of limitation expired. When Petitioner made his decision to file a second PRP (sixty-days after the first PRP was denied), only eleven days of the federal period of limitation remained on the clock. On April 27, 2005, when the Supreme Court issued its decision in Pace v. DiGuglielmo, Petitioner thus had until approximately May 10, 2005, to timely file a federal petition for writ of habeas corpus. The Petition in this matter was untimely filed with the clerk of the court on June 7, 2005..

The court notes that Petitioner filed a third PRP on May 4, 2005. Both the Washington Court of Appeals and the Washington Supreme Court found the petition to be time-barred under RCW 10.73.090, and that no exception to the time bar applied. As a result, the filing of the third PRP also did not toll the federal statute of limitations. Consequently, the federal habeas petition must be dismissed as untimely under 28 U.S.C. § 2244(d).

## CONCLUSION

Petitioner did not timely file his petition for writ of habeas corpus. Respondent's motion to dismiss the petition should be GRANTED. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 19, 2007**, as noted in the caption.

DATED this 26th day of September, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 4