UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE LEE NOBLES,

    Petitioner,

v.

CAROL PORTER,

    Respondent.

Case No.  C05-5374RJB

ORDER ON PETITION FOR
WRIT OF HABEAS CORPUS

This matter comes before the court on the Report and Recommendation of the Magistrate Judge. Dkt. 23. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

On May 28, 1998, petitioner was convicted in Pierce County Superior Court of one count of first degree murder and four counts of first degree assault, with a firearm sentence enhancement for each count. Dkt. 19-2. On June 23, 1998, petitioner was sentenced to 1180 months of imprisonment. *Id.*

Petitioner appealed his conviction and sentence to the State Court of Appeals, which upheld the jury's conviction and the court's sentence on June 30, 2000. Petitioner sought review by the Washington State Supreme Court, but his petition for review was denied on December 5, 2000 (Dkt. 19-3, at 107), and the Court of Appeals issued the mandate on December 22, 2000 (Dkt. 19-4, at 2). The state court decision became final for federal purposes ninety days after the State Supreme Court's decision, or on March 5, 2001. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999)(federal one year limitations period under 28 U.S.C. § 2244(d) begins to run on the date time for seeking certiorari, 90 days, expires).

ORDER
Page - 1

1   On December 24, 2001, petitioner, through counsel, filed his first personal restraint petition. Dkt. 19-4, at 4. Dkt. 19-4, at 4. On July 22, 2003, the Court of Appeals dismissed the petition. Dkt. 19-6, at 26. Petitioner, still through counsel, filed a motion for discretionary review on August 21, 2003. Dkt. 19-6, at 41. The Washington Supreme Court Commissioner denied review January 2, 2004. Dkt 19-6, at 93. Petitioner then obtained new counsel, who served as counsel for the remaining state court proceedings, and has continued to assist petitioner in these habeas corpus proceedings.

On March 31, 2004, petitioner's new counsel filed a motion to modify the Commissioner's ruling. Dkt. 19-6, at 98, 111. On May 4, 2004, the Washington Supreme Court denied the motion to modify. Dkt. 19-7, at 2. On May 13, 2004, the Court of Appeals issued a Certificate of Finality, stating that the decision of the Washington Court of Appeals became final on May 4, 2004, which was the date that the Washington Supreme Court denied petitioner's motion to modify the Commissioner's ruling.. Dkt. 19-7, at 4.

On July 2, 2004, petitioner, through counsel, filed a second personal restraint petition. Dkt. 19-7, at 7. On November 22, 2004, the Court of Appeals dismissed the second personal restraint petition as time barred under RCW 10.73.090(1), concluding that the petition did not qualify under as an exception to the time bar under RCW 10.73.100(1), because "petitioner's current petition is, at best, mixed, and must be dismissed." Dkt. 19-9, at 24. On December 24, 2004, petitioner filed a motion for discretionary review with the Washington Supreme Court. Dkt. 19-9, at 26. On February 18, 2005, the Washington Supreme Court Commissioner denied review. Dkt. 19-9, at 55. On March 16, 2005, petitioner filed a motion to modify the Commissioner's ruling (Dkt. 19-9, at 58), which was denied on May 3, 2005 (Dkt. 19-9, at 74). The Washington Court of Appeals issued a Certificate of Finality on the second personal restraint petition on May 18, 2005, stating that the decision of the Court of Appeals became final on May 3, 2005 (the date the Washington Supreme Court denied the motion to modify). Dkt. 19-9, at 76.

On May 4, 2005, petitioner filed his third personal restraint petition. Dkt. 19-10, at 2. On October 11, 2006, the Washington Court of Appeals dismissed the petition as time barred. Dkt. 19-11, at 60. On January 10, 2007, the Washington Supreme Court Commissioner denied petitioner's motion for review. Dkt. 19-12, at 84. On April 5, 2007, the Washington Supreme Court denied petitioner's motion to modify the Commissioner's ruling. Dkt. 19-12, at 91.

On June 7, 2005, petitioner filed this petition for writ of habeas corpus. Dkt. 1. On June 9, 2005, petitioner filed Petitioner's Motion for Stay and Abeyance of Protective Habeas Petition, requesting that the court stay the petition for writ of habeas corpus pending conclusion of the state court proceedings related to his third personal restraint petition. Dkt. 4. The court granted the motion for stay, which was subsequently lifted on April 30, 2007. On July 16, 2007, respondent filed a motion to dismiss the petition as time barred. Dkt. 19. On September 26, 2007, U.S. Magistrate Judge J. Kelley Arnold issued a Report and Recommendation, recommending that the court dismiss the petition as time barred under 28 U.S.C. § 2244(d). Dkt. 23.

## LEGAL STANDARD

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>   (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## DISCUSSION

**Commencement of One Year Limitations Period**. Petitioner's conviction became final for purposes of direct review on March 5, 2001. Under 28 U.S.C. § 2244(d)(1), petitioner had one year to file his habeas corpus petition in federal court.

**Tolling of One Year Period**. The one year period under 28 U.S.C. § 2244(d)(1), was tolled

pursuant to 28 U.S.C. § 2244(d)(2) during the time that petitioner's first personal restraint petition was pending. Two hundred ninety-four days passed from the date petitioner's conviction became final on March 5, 2001, until he filed his first personal restraint petition on December 24, 2001, leaving sixty-six days on the one year clock. After the Certificate of Finality was issued on May 13, 2004 by the Washington Court of Appeals on the first personal restraint petition, petitioner had until July 18, 2004 (affording petitioner the benefit of the doubt on when the first personal restraint proceedings were concluded) to file his habeas corpus petition in federal court. He filed this habeas corpus petition on June 7, 2005, well beyond the one year period prescribed in 28 U.S.C. § 2244.

**Equitable Tolling**. A time barred personal restraint petition does not toll the federal one year statue of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (April 27, 2005)(untimely state post conviction proceeding is not properly filed and therefore does not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2)). Petitioner's second and third personal restraint petitions were time barred by the state courts, so they did not toll the limitations period of 28 U.S.C. § 2244(d). Petitioner contends, however, that he should be entitled to equitable tolling of the time limits set forth in 28 U.S.C. § 2244(d).

Petitioner contends that the one year time limit of 28 U.S.C. § 2244 should have been tolled during the period that his second and third personal restraint petitions were pending. Petitioner argues that he did not file the habeas corpus petition after his first personal restraint petition proceedings concluded because he believed that the second and third personal restraint petitions also tolled the limitations period of 28 U.S.C. § 2244. Petitioner claims that he was relying on *Dictado v. Ducharme*, 244 F.3d 724 (9th Cir. March 28, 2001), which held that a state court post conviction petition tolls the statute of limitations under 28 U.S.C. § 2244 even if the petition is ultimately found to be untimely, as long as the petitioner filed it in reliance on an exception to the state's time bar.

The Supreme Court has specifically declined to determine whether equitable tolling applies to the time period under 28 U.S.C. § 2244. *See Pace v. DiGuglielmo*, 544 U.S. at 418 n.8. In *Bonner v. Carey*, 425 F.3d 1145 (9th Cir. 2005), the Ninth Circuit applied *Pace v. DiGuglielmo*, holding that an untimely petition for post conviction relief did not toll the limitations period of 28 U.S.C. § 2244. In *Bonner v. Carey*, the Ninth Circuit remanded the case to the district court for consideration of whether petitioner was entitled to equitable tolling. *Bonner v. Carey*, 42 F.3d at 1150.

ORDER
Page - 4

Assuming that equitable tolling would apply to toll the time period under 28 U.S.C. § 2244, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. at 418. Under the Ninth Circuit test, equitable tolling is available only if extraordinary circumstances beyond petitioner's control make it impossible for him to file petition on time. *See Calderon v. United States District Court for Central District of California (Beeler)*, 128 F.3d 1283, 1288- 89 (9th Cir.1997), *cert. denied* 118 S.Ct. 899 (1998), *aff'd in relevant part and overruled on other grounds by Calderon v. U.S. Dist. Court (Kelly),* 163 F.3d 530, 540 (9th Cir.1998).

In this case, it appears that petitioner was pursuing his rights diligently, by filing second and third state personal restraint petitions, in part in an attempt to exhaust his claims for federal habeas review. The "extraordinary circumstance" in this case was the Ninth Circuit's *Dictado v. Ducharme* decision that arguably afforded petitioner additional tolling time under 28 U.S.C. § 2244 while he pursued his personal restraint petitions in state court, even if those personal restraint petitions were ultimately determined to have been untimely filed. It is understandable that petitioner would believe that his ultimately time-barred personal restraint petitions tolled the statute of limitations on his federal habeas petition–until April 27, 2005, when *Pace v. DiGuglielmo* was issued.

As of April 27, 2005, two hundred ninety-four days passed from the date petitioner's conviction became final on March 5, 2001, until he filed his first personal restraint petition on December 24, 2001. Fifty days passed from May 13, 2004, when the Court of Appeals issued a Certificate of Finality on the first personal restraint petition, until July 2, 2004, when petitioner filed his second personal restraint petition. Assuming the period was equitably tolled until April, 27, 2005, when *Pace v. DiGuglielmo* was issued, petitioner had twenty-one days, or until May 18, 2005, to file his habeas corpus petition within the one year period prescribed in 28 U.S.C. § 2244. He filed the petition June 7, 2005, twenty days beyond the one year period authorized by 28 U.S.C. § 2244.

Petitioner notes that *Pace v. DiGuglielmo* did not become final until the petition for rehearing was denied on June 20, 2005. However, the issue is not the date *Pace v. DiGuglielmo* became final, but when petitioner should have been aware that he could no longer rely on *Dictado v. Ducharme*. That date was April 27, 2005, when *Pace v. DiGuglielmo* was first issued.

ORDER
Page - 5

Petitioner maintains that he was reasonably prompt in filing the federal habeas petition on June 7, 2005, after *Pace v. DiGuglielmo* was issued by the Supreme Court on April 27, 2005, and that the equitable tolling should have included a reasonable time (here from April 27, 2005 to June 7, 2005) for the filing of the habeas petition. Petitioner contends that his counsel did not become aware of the ruling in *Pace v. DiGuglielmo* until sometime in May of 2005, due to pressing deadlines in other matters at work, and due to illness in his family, which required him to fly to Florida and spend time during May and June of 2005 dealing with the situation.

A review of the record shows that petitioner's second counsel was put in a difficult situation because he entered the case after the first personal restraint petition had been filed and after two hundred ninety-four days of the one year period had passed. Since petitioner's second counsel filed the second personal restraint petition, he was or should have been aware that fifty additional days had passed between the date that the first personal restraint proceedings concluded and the date that he filed his second personal restraint petition. That left twenty-one days on the one year clock. Petitioner's counsel was apparently aware of the time pressure because he filed the third personal restraint petition the day after the Washington Supreme Court denied petitioner's motion to modify the Commissioner's ruling dismissing his second personal restraint petition. The late filing of the federal habeas petition appears to have been the result, at least to a significant extent, of the delay in counsel's being aware that the Supreme Court had issued *Pace v. DiGuglielmo*. The court understands the difficulties petitioner's counsel experienced throughout his involvement in this case. Nonetheless, it does not appear that, even with tolling of the time period before *Pace v. DiGuglielmo* was issued, extraordinary circumstances existed that made it impossible for petitioner to file his federal habeas petition within the period set forth in 28 U.S.C. § 2244(d).

**Conclusion**. The court should adopt the Report and Recommendation, grant respondent's motion to dismiss, and dismiss the petition for writ of habeas corpus as time barred under 28 U.S.C. § 2244(d).

## CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 120 S.Ct. at 1604.

Although the court is dismissing this petition for writ of habeas corpus as time barred under 28 U.S.C. § 2244, jurists of reason could find it debatable whether the court is correct in its procedural ruling, and the issues as presented are adequate to deserve encouragement to proceed further. In the event that petitioner files an appeal of the dismissal of this petition for writ of habeas corpus, a Certificate of Appealability should be granted on the following issue: Whether this petition for writ of habeas corpus is time-barred under 28 U.S.C. § 2244(d)?

## APPOINTMENT OF COUNSEL

Pursuant to 18 U.S.C. § 3006A(2)(B), whenever the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255.

The issues presented in this case are significant and substantial. Counsel assisted petitioner with this case on a *pro bono* basis, after the court permitted him to withdraw on April 30, 2007. Assuming that petitioner qualifies financially, and assuming that he desires to be represented by counsel, the court should consider appointing counsel to represent him should he decide to file an appeal in this case.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 23) recommending that this case be dismissed as time-barred is **ADOPTED**, based upon the analysis above**.** Respondent's motion to dismiss the petition as time-barred (Dkt. 19) is **GRANTED**. This petition for writ of habeas corpus is **DISMISSED** as time-barred under 28 U.S.C. § 2244(d). A Certificate of Appealability is **GRANTED** on the following issue: Whether this petition for writ of habeas corpus is time-barred under 28 U.S.C. § 2244(d)? Not later than December 7, 2007, petitioner may request that the court appoint counsel to represent him in any appeal he may file in these proceedings. If he chooses to request

appointment of counsel, petitioner shall complete an application to proceed *in forma pauperis*, including information about his current financial status, and he may indicate any preference for appointed counsel.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to any party appearing *pro se* at said party's last known address, and to attorney David Zuckerman. The Clerk is further directed to send petitioner and Mr. Zuckerman each a copy of the application to proceed *in forma pauperis*.

DATED this 30th day of November, 2007.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge